IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| THOMAS CARLTON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION 06-0188-WS-M |
| | ) |
| AMSOUTH BANK, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER**

By order entered May 1, 2006, the Court granted the motion of defendant AmSouth Bank to dismiss the complaint because the Court lacks subject matter jurisdiction to hear it. (Doc. 12). The Court allowed the plaintiff until May 17, 2006 to file an amended complaint curing the jurisdictional deficiency, failing which the action would be dismissed without prejudice. (*Id*. at 3). The plaintiff's only filing simply repeats his insistence that he is entitled to possession of the property at issue, but it neither identifies a basis of subject matter jurisdiction nor reflects the possible existence of such a basis. (Doc. 13).

As set forth in the Court's earlier order, "lower federal courts are empowered to hear only cases for which there has been a congressional grant of jurisdiction, and once a court determines that there has been no grant that covers a particular case, the court's sole remaining act is to dismiss the case for lack of jurisdiction." *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1261 (11th Cir. 2000). As also previously noted, "[t]he burden for establishing federal subject matter jurisdiction rests with the party bringing the claim." *Sweet Pea Marine, Ltd. v. APJ Marine, Inc*., 411 F.3d 1242, 1247 (11th Cir. 2005). Because the plaintiff has failed to carry that burden, the Court has no choice but to dismiss. Accordingly, this action is **dismissed without prejudice**.

DONE and ORDERED this 25th day of May, 2006.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE